UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Huntington National Bank, *successor-by-merger to TCF National Bank*, | Case No. 22cv1537 (KMM/DTS) |
| Plaintiffs, | |
| v. | **ORDER** |
| Very Creative Advertising & Marketing LLC, and Terrance Fletcher, | |
| Defendants. | |

This matter is before the Court on Plaintiff Huntington National Bank's ("Huntington" or "the Bank") Motion for Default Judgment. [Doc. 13]. The Defendants have not answered or otherwise responded to the Complaint, nor did they file any response to the Motion for Default Judgment. For the reasons that follow, the motion is granted.

**Findings of Fact**

Huntington filed its Complaint on June 9, 2022. [Doc. 1]. The Summons and Complaint were served on Defendant Terrance Fletcher on June 10, 2022, and on Defendant Very Creative Advertising & Marketing LLC ("Very Creative") on August 9, 2022. [Doc. 5, 7]. Neither Defendant filed an Answer, nor otherwise responded to the Summons and Complaint, and the time to do so has expired. The Clerk entered Default against both Defendants on September 7, 2022. [Doc. 11].

1

Huntington is the successor-by-merger to TCF National Bank ("TCF"). On December 2, 2020, Very Creative purchased software and equipment which it financed through a loan from TCF. Very Creative agreed to repay the loaned funds pursuant to the terms of an Installment Payment Agreement ("the Installment Agreement"). [Doc. ¶ 8, Ex. B].

Very Creative borrowed $317,411.27 pursuant to the Installment Agreement and agreed to make monthly payments of $6,208.66 over 60 months. [Doc. 1 ¶¶ 8–9]. The Installment Agreement also imposes other obligations on the borrower and gives other rights to the Bank. For example, if a payment is not made within 10 days of its due date, the Bank may impose a late fee of 10% of the amount of the last due payment and charge interest on the unpaid amount at 18% per annum. [Doc. 1 ¶ 10]. The Installment Agreement provides that, among other triggering events, a default occurs when Very Creative fails to make timely payment or fails to comply with other covenants or agreements and that failure continues for 10 days after notice from the Bank. [Doc. 1 ¶ 13]. And if there is an event of default, the Bank has the option to exercise one or more of the following remedies: (a) declare the entire unpaid balance of the loan to be immediately due and payable as liquidated damages; (b) charge interest on the unpaid amount of liquidated damages at 18% per annum; (c) exercise the rights and remedies available to a secured creditor under the Uniform Commercial Code, as adopted by the State of Minnesota; and (d) exercise any and all other rights and remedies available in law or in equity or by any other agreement. [Doc. 1 ¶ 14]. Finally, the Installment Agreement provides that the Bank can recover the costs and expenses it incurs in

exercising any of the rights and remedies available to it under the contract, including attorney's fees and expenses, and costs incurred in obtaining money damages. [Doc. 1 ¶ 15].

The TCF loan to Very Creative was secured with a continuing guaranty ("the Guaranty") from the Defendant Terrance Fletcher. [Doc. 1 ¶ 23, Ex. E]. Under the Guaranty, Mr. Fletcher agreed to guaranty the full and proper payment of all obligations of Very Creative under the Installment Agreement, including the monthly payments owed. [Doc. 1 ¶ 24]. As the Guarantor, Mr. Fletcher agreed to pay all costs and expenses, including court costs and legal fees, incurred by the Bank in connection with enforcing the Guaranty and Very Creative's obligations. [Doc. 1 ¶ 25].

On May 16, 2022, the Bank sent Defendants a letter notifying them of a failure to make required payments under the Installment Agreement in a timely manner and declared that this was a material default of the contract. [Doc. 1 ¶ 29, Ex. H]. This notice indicates that Very Creative failed to make a payment that was due on May 3, 2022; demands payment to the Bank within 10 days of the date of the letter, despite the absence of a right to cure payment defaults in the Installment Agreement; and states that if Very Creative fails to make the payment by May 13th, the Bank intended exercise one or more of its rights under the contract, including acceleration of the remaining balance of the debt. [Ex. H]. Neither Defendant made a payment after the Bank sent this letter. The Bank sent Defendants a second notice of default on May 31, 2022, and formally notified them that it was accelerating their obligation to repay the remaining balance of the loan,

3

charging them applicable interest, and demanding immediate payment of $255,170.54 as the total amount due as well as attorneys' fees and costs. [Doc. 1 ¶ 31, Ex. I].

On November 3, 2022, the Bank's financial recovery representative, Jordan Shamblott, verified that Defendants have not made a payment under the Installment Agreement since May 3, 2022 and calculated the damages owed to the Bank based on the applicable terms of the contract. The missed installments between May 3rd and October 3rd totaled $37,251.96; the present value of the remaining 38 unpaid installments, accelerated at 6.49% totaled $213,403.86; a 4% penalty on that accelerated present value totaled $8,536.16; $30 as a fee Very Creative incurred due to a returned automatic payment; and late fees were calculated at $3,725.22 based on a formula multiplying 10% of the regular monthly payment by the 6 late monthly payments that had not been paid at the time Mr. Shamblott made his calculations. [Doc. 16 ¶¶ 3–9]. As a result, Mr. Shamblott testified that the amount due under the Installment Agreement as damages for Very Creative's default is $262,947.20. [Doc. 16 ¶ 5].

In addition, in pursuing its remedies under the Installment Agreement, including through this litigation, the Bank incurred attorney's fees and costs. The Bank has been represented in its collection efforts by the law firm of Taft Stettinius & Hollister LLP ("Taft"), and Taft lawyers Daniel Moak and Mark Schroeder. Attorneys' fees have been incurred by the Bank for Taft's review of loan documents and other related documentation, conferences and correspondence with the Bank, drafting of the complaint and investigation of the Bank's claims, and drafting of the submissions necessary to obtain the entry of default against Defendants and to move for entry of default judgment.

[Doc. 17 ¶ 6]. Taft's timekeepers charged Huntington hourly rates at or below their standard hourly rates, which were also at or below the rates typically charged in the Twin Cities' legal market. [Doc. 17 ¶ 4]. The Bank also incurred expenses of $1,052.50 for the filing fee in this case and in process server fees. [Doc. 17 ¶ 9]. The total in attorneys' fees and costs incurred by Huntington in this action is $5,818.15. [Doc. 17 ¶ 10].

## Conclusions of Law

Very Creative and Mr. Fletcher were properly served with the Summons and Complaint, failed to timely Answer or otherwise respond, and are in default. Therefore, Huntington is entitled to entry of a default judgment in its favor. Fed. R. Civ. P. 55(b)(2). The factual allegations in the Complaint are taken as true, except those relating to damages. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The Court determined that a hearing on the motion for default judgment was unnecessary because it could be decided on the papers. *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under Fed. R. Civ. P. 55(b)(2)(B).").

Huntington seeks default judgment and an award of damages on its claims for breach of contract against both Defendants. Based on the facts established in this case, Very Creative is liable to the Bank for breach of contract. *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011) (elements of a breach of contract claim). The Installment Agreement is a valid contract formed between Huntington (via its predecessor TCF) and Very Creative. The Bank has performed the conditions precedent to its right to demand performance by Very Creative, and Very Creative materially

5

breached the Installment Agreement by failing to make timely payments. That breach has proximately caused the Bank to suffer actual damages.

Similarly, Mr. Fletcher is liable to the Bank for breach of contract. The Guaranty is a valid contract formed between Huntington (through its predecessor TCF) and Mr. Fletcher. Huntington performed any conditions precedent to its right to demand performance under the Guaranty from Mr. Fletcher, and Mr. Fletcher materially breached the Installment Agreement by failing to perform his obligation to pay the amounts due and owing under the Guaranty. The breach of the Guaranty has proximately caused the Bank to suffer actual damages.

The evidence provided by Mr. Shamblott and attorney Moak establish Huntington's actual damages incurred as a result of Defendants' breach of the Installment Agreement and Guaranty to a reasonable degree of certainty. *See Bigham v. John W. McDougall Co., Inc.*, No. 18-CV-706 (NEB/ECW), 2019 WL 2337396, at *2 (D. Minn. June 3, 2019) (discussing the showing to establish damages). This evidence demonstrates that Defendants are liable to the Bank in the amount of $262,947.20 in actual damages. Mr. Shamblott's calculations of these damages are consistent with the terms of the Installment Agreement and Guaranty. Further, as a result of Defendants' breaches of contract, the Bank is also entitled to a judgment for the attorneys' fees and expenses incurred in this action. The evidence shows that Huntington incurred reasonable attorneys' fees and costs in the amount of $5,818.15.

Finally, Huntington is entitled to post-judgment interest on any money judgment pursuant to 28 U.S.C. § 1961(a). The Bank is entitled to applicable post-judgment interest at the maximum rate allowed by law under § 1961.

## ORDER

Based on the findings and conclusion above, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Default Judgment is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Huntington National Bank against Defendants Very Creative Advertising & Marketing LLC, and Terrance Fletcher, jointly and severally, in the amount of $268,765.35, plus any applicable post-judgment interest allowed by law.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: January 20, 2023

                                                   *s/Katherine Menendez*
                                                   Katherine Menendez
                                                   United States District Judge